IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| STANLEY WOLFE | § | |
| --- | --- | --- |
| Petitioner, | § § § | |
| VS. | § | NO. 3-10-CV-2183-L-BD |
| CHIEF OF POLICE J.L. SPIVEY | § § § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Brady Byrum, appearing *pro se* and purportedly acting on behalf of Stanley Wolfe, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the writ should be dismissed without prejudice for lack of subject matter jurisdiction or, alternatively, for failure to comply with a court order.

I.

In his pleading, Byrum alleges that Wolfe is being illegally restrained and deprived of his liberty by City of Richardson authorities in violation of federal and Texas law. On November 2, 2010, the court notified Byrum that he could not prosecute this action without some proof that Wolfe, the real party in interest, is unable to represent himself and has authorized Byrum to act on his behalf. Byrum was directed to seek leave to proceed as next friend of Wolfe and to file an application for writ of habeas corpus on a court-approved form by November 22, 2010. Alternatively, Wolfe was directed to submit a signed habeas petition in his own name. Both Byrum and Wolfe were warned that "the failure to comply with this order will result in a recommendation that the case be dismissed pursuant to Fed. R. Civ. P. 41(b)." *See* Order, 11/2/10. Neither Byrum

nor Wolfe has complied with that order.[1] The court now determines that the case should be summarily dismissed.

II.

The federal habeas statute provides, in pertinent part, that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. In *Whitmore v. Arkansas*, 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990), the Supreme Court made clear that standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 110 S.Ct. at 1727. A party seeking to represent a prisoner in a habeas proceeding must: (1) explain why the real party in interest cannot prosecute the action in his own behalf; and (2) establish a significant relationship with and a true dedication to the best interests of the real party in interest. *Id.* Although Byrum was given an opportunity to file a motion to proceed as next friend of Wolfe, he failed to do so. Without such a motion, accompanied by proof that Wolfe cannot prosecute this action on his own behalf, Byrum lacks standing to prosecute this action on behalf of Wolfe. *See, e.g. Ford ex rel. Ford v. Bowles*, No. 3-05-CV-0723-D, 2005 WL 1214671 at *2 (N.D. Tex. May 20, 2005), *rec. adopted*, (N.D. Tex. Jun. 21, 2005) (dismissing 2241 habeas petition filed by mother of pretrial detainee who did not seek or obtain next friend status); *Hinds v. Deburko*, No. 3-04-CV-0290-R, 2004 WL 626267 at *1 & n.1 (N.D. Tex. Mar. 25, 2004), *rec. adopted*, 2004 WL 813513 (N.D. Tex. Apr. 14, 2004) (same as to habeas petition filed by father of prisoner).

---

[1] It appears that Wolfe may no longer be in custody. On December 2, 2010, the unopened envelope addressed to Wolfe at the Richardson municipal jail and containing a copy of the court's order was returned to the clerk with the notation, "Return to Sender. Not [at] this address."

III.

A district court has authority to dismiss a case for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court previously ordered Byrum to seek leave to proceed as next friend of Wolfe and to file an application for writ of habeas corpus on a court-approved form by November 22, 2010. Alternatively, the court directed Wolfe to file a signed habeas petition if he desired to prosecute this action in his own name. Neither Byrum nor Wolfe complied with that order. Dismissal is therefore proper under Rule 41(b). *See Ford*, 2005 WL 1214671 at *2; *Hinds*, 2004 WL 626267 at *1.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for lack of subject matter jurisdiction. Alternatively, the writ should be dismissed without prejudice for failure to comply with a court order.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 6, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE