IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STANLEY WOLFE**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:10-CV-2183-L** |
| | § | |
| **CHIEF OF POLICE J.L. SPIVEY**, | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

Before the court is Petitioner Stanley Wolfe's Petition for Writ of Habeas Corpus, filed October 29, 2010, by Brady Byrum ("Byrum"), appearing *pro se* and purportedly acting on behalf of Petitioner Wolfe. The petition was referred to United States Magistrate Judge Jeff Kaplan, who filed Findings and Recommendation of the United States Magistrate Judge ("Report") on December 6, 2010. Petitioner filed no objections to the Report.

This is a habeas petition filed pursuant to 28 U.S.C. § 2241. On November 2, 2010, the court notified Byrum that he could not prosecute this action without some proof that Petitioner Wolfe, the real party in interest, was unable to represent himself and had authorized Byrum to act on his behalf. To date, Byrum and Petitioner Wolfe have not responded to the court's request, despite having been warned that failure to comply with the order would result in a recommendation that this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The magistrate judge determined that Byrum lacks standing to bring this habeas petition on Petitioner Wolfe's behalf and recommends that this action be dismissed for want of subject matter jurisdiction. Alternatively, the magistrate judge recommends that this action be dismissed for failure

to comply with a court's order pursuant to Rule 41(b).  After conducting its own review of the petition, filings, Report, and record, the court agrees with the magistrate judge.

The court therefore determines that the magistrate judge's findings and conclusions are correct.  The Report is **accepted** as that of the court.  The court **dismisses without prejudice** the Petition for Writ of Habeas Corpus for want of subject matter jurisdiction.  Alternatively, the court dismisses without prejudice the petition for failure to comply with a court order.

**It is so ordered** this 23rd day of December, 2010.


Sam A. Lindsay
United States District Judge